Filed 4/1/26  P. v. Fifita CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085748 |
| v. | (Super.Ct.No. RIF2205026) |
| FILIMONE KINI FIFITA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Stephen J. Gallon, Judge.  Affirmed as modified.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, A. Natasha Cortina and Genevieve Herbert, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant, Filimone Fifita, guilty of making criminal threats (Pen. Code, § 422)[1] (Count 1), assault with a semiautomatic firearm (§ 245, subd. (b)) (Count 2), assault with a firearm (§ 245, subd. (a)(2)) (Count 3), and battery on an intimate partner (§ 243, subd. (e)(1)) (Count 4). The jury found true the allegations that in the course of the threats and assault, defendant personally used a firearm. (§ 12022.5, subd. (a).)

The trial court imposed a suspended prison sentence of six years, and granted defendant three years of formal probation, with the condition that he serve one year in the custody of the Riverside County Sheriff. Within that suspended six-year prison sentence, the trial court ordered that the sentence for the criminal threats conviction (Count 1) be served concurrently with the sentence for assault with a semiautomatic firearm (Count 2). Defendant contends the trial court erred by not staying the criminal threats sentence pursuant to section 654 because the threat (Count 1) and the assault (Count 2) involved the same intent and objective. We modify defendant's suspended sentence and affirm.

## FACTS

A.    DEFENDANT'S CRIMES

In October 2022, the victim and defendant had been dating for approximately two years and they lived together, in Moreno Valley. One day that month, defendant, the victim, and the victim's family attended a funeral in Riverside. The victim and her

---

[1] All subsequent statutory citations will be to the Penal Code, unless otherwise indicated.

children left the funeral and went home, while defendant stayed behind "partying" with the victim's cousins.

Around midnight, the victim and defendant argued on the telephone because the victim refused to drive back to Riverside to pick up defendant. Approximately one hour later, defendant, who was drunk, arrived home. Defendant grabbed the victim by the hoodie she was wearing and pulled her around the living room. In an attempt to resist being pulled, the victim moved to the floor. Defendant instructed the victim to stand up and walk outside to the front of the house. Defendant pointed a loaded .45-caliber Glock at the victim and said, "[C]ome outside, I'm gonna kill you." The victim cried.

Defendant went outside and sat down on a chair, while the victim stood in the front doorway. Defendant was "waving the gun everywhere because he's drunk." Defendant pointed the gun directly at the victim five or six times while calling her a "ho" and a "bitch" and saying, "I'm gonna kill you."

The victim's mother and sister were in the kitchen. Under the guise of going to the kitchen to ask her sister for a cigarette, the victim actually asked her mother and sister to go to the victim's daughter's room and have her daughter call 9-1-1. The victim returned to the front entryway. Defendant had passed out while sitting in the chair in the front yard. Defendant awoke when the police arrived.

B.     CLOSING ARGUMENT

During closing argument, as to the criminal threats charge, the prosecutor argued, "[D]efendant threatened to kill her when she was outside multiple times, he pointed the gun [at] her five to six times.· He made the threat clearly." The prosecutor explained

3

that an element of the threat offense is defendant's specific intent for his statement to be understood as a threat, which the prosecutor explained was demonstrated by defendant's use of the firearm. In particular, the prosecutor said, "How do we know that he intended his threat to be understood as a threat?· Well, he's got a gun with him." As to the firearm enhancement on the threat charge, the prosecutor argued, "[W]e know that the gun was pointed at her in a menacing manner. That's why she was scared for her life. He pointed the gun at her five to six times."

In regard to the charge of assault with a semiautomatic firearm, the prosecutor argued the crime occurred when "defendant had pointed the firearm at her five to six times."

C.      SENTENCING

The trial court designated the prison term for assault with a semiautomatic firearm (Count 2) as the principal term. The trial court imposed three years for the substantive offense of assault with a semiautomatic firearm (Count 2) and three years consecutive for the firearm enhancement, for a total of six years. The court stayed the sentence for the assault with a firearm conviction (Count 3) pursuant to section 654.

As to the criminal threats conviction (Count 1), the trial court did not mention section 654. Instead, the trial court imposed a 16-month term for the substantive criminal threats offense and a three-year term for the associated firearm enhancement and ordered that the sentence for Count 1 be served concurrently with the sentence for Count 2. As set forth *ante*, the trial court suspended the prison sentence and granted formal probation.

**DISCUSSION**

Defendant contends the trial court erred by not staying his criminal threats sentence pursuant to section 654 because the threats and assault involved the same intent and objective.

Section 654, subdivision (a), provides, in part, "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision."

" ' "Section 654 has been applied not only where there was but one 'act' in the ordinary sense . . . but also where a course of conduct violated more than one statute and the problem was whether it comprised a divisible transaction which could be punished under more than one statute within the meaning of section 654." [Citation.] Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.' " (*People v. Beamon* (1973) 8 Cal.3d 625, 637.) We apply the substantial evidence standard of review. (*People v. Leonard* (2014) 228 Cal.App.4th 465, 499.)

The People contend defendant had separate intents and objectives. The People contend that in verbally threatening the victim, defendant intended to inflict mental and emotional harm on the victim, whereas in pointing the firearm, defendant intended to inflict physical harm on the victim. The evidence reflects that, when defendant was on

the front porch, he was sitting down and the victim was standing in the doorway. There is nothing indicating that defendant tried to move closer to the victim by standing up and/or approaching the victim. There is also no evidence that defendant attempted to fire the gun. Without some gesture by defendant toward touching the victim, we cannot conclude that defendant's intent and objective was to physically harm her. Rather, as the prosecutor argued in closing argument, defendant used the firearm to cause the victim mental anguish.

The People assert defendant held the gun to the victim's head. When describing the charged incident, the victim said defendant pointed the gun at her five or six times—she did not say that he held the gun to her head. Rather, the victim said that she was standing in the front doorway, while defendant was sitting on a chair on the front porch. Riverside County Sheriff's Deputy Lobatos also testified that when she arrived at the house, defendant was sitting on a chair on the front porch. Given that defendant was sitting, while the victim was standing, the evidence does not indicate that defendant held a gun to the victim's head.

The victim's comments to the officer about defendant holding a gun to her head described uncharged prior incidents of domestic violence. When speaking with the sheriff's deputy, the victim explained that "every other day," defendant threatened to kill her while he held a firearm. When asking about the current incident, the sheriff's deputy asked the victim, "Was he holding the gun to your head[?]" The victim replied, "Well, he was pointing it at me. But there were several times he's had it to my head."

The victim's statement means that, during this charged incident, defendant pointed the gun at her, but during uncharged prior incidents, he held the gun to her head.

In sum, because there is no evidence of defendant attempting to touch the victim during the charged course of conduct, we reject the People's contention that he intended to inflict physical harm. Thus, substantial evidence does not support a finding of separate intents and objectives.

The evidence that defendant pointed the gun at the victim when threatening her supports a finding that defendant used the gun to emphasize his threat and cause the victim mental anguish. Accordingly, defendant held a single intent and objective during the course of conduct—to cause the victim to fear for her life. We will modify defendant's suspended prison sentence.

## DISPOSITION

Within defendant's suspended prison sentence, for Count 1, the 16-month term for criminal threats (§ 422) and the three-year term for the associated firearm enhancement (§ 12022.5, subd. (a)) are modified from concurrent to stayed (§ 654). In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER_____
Acting P. J.

We concur:

CODRINGTON_____
                              J.
RAPHAEL_____
                              J.

7